# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| v. | § | Criminal Action No. **3:12-CR-314-L** |
| | § | |
| **JOSE BETANCOURT-VEGA** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Return of Seized Property ("Def.'s Mot.") (Doc. 128), filed October 7, 2013, and the Government's Response to Defendant's Motion for Return of Property and Government's Motion to Dismiss ("Govt.'s Resp.") (Doc. 130), filed November 14, 2013. After careful consideration of the motions, response, record, and applicable law, the court **denies** Defendant's Motion for Return of Seized Property and **grants** the Government's Motion to Dismiss.

**I.    Background**

On September 13, 2012, agents from the Drug Enforcement Agency ("DEA") searched Defendant's home and seized his 2010 Chevrolet Camaro ("Camaro"). Defendant admitted to receiving money for allowing methamphetamine to be manufactured in his home. The agents discovered an operational methamphetamine conversion laboratory, several kilograms of methamphetamine, and handguns. The agents also found two firearms in the trunk of the Camaro. On October 2, 2012, Jose Betancourt-Vega ("Defendant" or "Betancourt-Vega") was charged by indictment with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. On

November 29, 2012, he pleaded guilty to maintaining a drug involved premises. Defendant was sentenced to 72 months of incarceration, one year of supervised release, and a $10,000 fine on May 14, 2013.

Defendant contends, pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, that the government unlawfully seized his Camaro. Def.'s Mot. 1. Defendant argues that he financed his vehicle and made installment payments with the money he earned from National Coatings Restorations. *Id*. Defendant requests the return of the Camaro, in addition to "all private books, records and propers, extracts, notes and copies therefrom, and all other property belong to [him] and [his] wife." *Id*. at 2. He also requests that the "books, records, notes, copies, and all clues and leads therefrom be suppressed" and that the government be "restrained from using" any of the mentioned materials. *Id*. Defendant also requests that the government be restrained from submitting any of this evidence to the "federal Grand Jury" and from using any of the evidence at trial for any purpose. *Id*. Finally, Defendant requests a hearing on this matter. *Id*.

In response, the government argues that the DEA administratively forfeited the car after Defendant was served with a notice of forfeiture and after he failed to file a valid claim for the car's return. Govt.'s Resp. 1. The government explains that Defendant did petition the DEA for the car's remission or mitigation but contends that the decision to grant or deny remission or mitigation is within the Attorney General's sole discretion and is not reviewable by this court. *Id*. According to the government, the Attorney General delegated the authority to grant remission or mitigation to the DEA, which denied the request. *Id*. The government requests the court to dismiss Defendant's motion.

## II. Standard of Review

Defendant filed his motion for return of property pursuant to Rule 41(e), but since the criminal proceeding against him has already concluded, it should have been brought as a civil action for the return of property.[1] *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). In these types of circumstances, it is appropriate for the court to treat a *pro se* petition as one seeking the appropriate remedy. *Id*. The court therefore treats Defendant's Rule 41(e) motion as a civil action under 28 U.S.C. § 1331, seeking the return of property, and the court will treat its review of that motion as a review of the government's motion to dismiss. *Id*.

## III. Analysis

The court must address two issues: (1) whether the proper administrative forfeiture procedure was followed; and (2) whether the proper review of Defendant's petition for remission or mitigation was followed.

### A. Administrative Forfeiture Procedure

When the government seizes property valued at less than $500,000, it may use administrative forfeiture procedures but must provide notice before forfeiting the property. *United States v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005) (citations omitted). To satisfy this notice requirement, the government must: (1) publish notice of the administrative forfeiture; and (2) send written notice to any party who appears to have an interest in the seized article. *Id*. (citing *Kadonsky v. United States*, 216 F.3d 499, 503 (5th Cir. 2000)). The statute explains that a claim "may be filed not later than the deadline set forth in a personal notice letter (which deadline may not be earlier than 35 days

---

[1] The Fifth Circuit in *Clymore* and Defendant both cite to Federal Rule of Criminal Procedure 41(e) when addressing a motion for return of property; however, the court notes that the current rule addressing a motion for return of property is 41(g).

after the date the letter is mailed), except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure." 18 U.S.C. § 983(a)(2)(B).

If a claimant files a claim, the administrative forfeiture proceedings cease, and the matter is referred to the United States Attorney for initiation of judicial forfeiture proceedings. *Robinson*, 434 F.3d at 362 (citing *Kadonsky*, 216 F.3d at 503). If no claim is filed, the property is summarily forfeited to the government. *Id*. (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 660 (5th Cir. 1996)). Once the administrative forfeiture is complete, a district court may review only "whether the forfeiture comported with constitutional due process guarantees." *Id*. (citing *Kadonsky*, 216 F.3d at 503). If a party "with an interest in forfeited funds failed to receive constitutionally adequate notice, the administrative forfeiture is void and must be vacated." *Id*. (citing *Kadonsky*, 216 F.3d at 503). Due process requires that the notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [forfeiture] action and afford them an opportunity to present their objections." *Id*. (citing *Barrera-Montenegro*, 74 F.3d at 660).

The court determines that the forfeiture comported with all constitutional due process guarantees. The government mailed Defendant notice directly to three locations on October 12, 2012. For the first location, USPS.com stated that the letter was delivered on October 15, 2012. App. 3. For the second location, an individual signing in the signature block accepted delivery on October 16, 2012. *Id*. For the third location, the notice was returned by U.S. Postal Service stamped "Unclaimed" on November 14, 2012. Additionally, the government published notice in the Wall Street Journal on October 29, 2012, November 5, 2012, and November 12, 2012. *Id.* at 4. The published and mailed notices stated that the deadline to file a claim was November 16, 2012, or if

the mailed notice was not received, December 13, 2012. *Id*. at 4. The published and mailed notices also explained the option of filing a petition for remission or mitigation. *Id*.

Defendant failed to timely file a claim for the property. If Defendant received the mailed notice, he had until November 16, 2012, to file a claim.[2] If Defendant did not receive the mailed notice, he had until December 13, 2012 (30 days after the date of final publication of notice), to file. Defendant sent a letter to the DEA on October 31, 2012 (which was received on November 5, 2012). If the letter included a valid claim, then the claim would be considered timely. Vicki Rashid, the Forfeiture Counsel of the DEA, stated in her declaration that "a copy of this correspondence is unavailable," but that the DEA "accepted the letter as a petition for remission or mitigation." App. 4. Rashid later clarified that the correspondence was considered a petition for remission or mitigation of forfeiture *and* a request for release of the property due to hardship.[3] App. 5. On November 27, 2013, the court ordered the government to provide in detail an explanation of why Defendant's October 31, 2012 letter could not be produced or located. The government responded with a declaration from Scott Hale, the Acting Forfeiture Counsel, stating that "DEA personnel have been unable to locate a copy of the letter dated October 31, 2012. The letter was apparently misplaced, and is considered lost. DEA personnel searched the file repeatedly without success." App. to Gov.'t Resp. to Ct.'s Order Dated Nov. 27, 2013, 3. Hale also stated:

> Although DEA is unable to locate the letter dated October 31, 2012, Mr. Vega Betancourt's letter dated November 2, 2012, (Exhibit 13 in Declaration of Vicki L.

---

[2] The government complied with the statute by setting a deadline not earlier than 35 days after the date the letter was mailed.

[3] The request for release of the property due to hardship requires the submission of a timely and valid claim pursuant to 18 U.S.C. § 983(a). When discussing hardship, the statute only addresses a *claimant's* right to do so. Since Defendant did not timely file a claim by December 13, 2012, his request for release of the property due to hardship was correctly denied by the DEA.

**Memorandum Opinion and Order - Page 5**

Rashid), further demonstrated that his October 31, 2012 submission was a Petition for Remission or Mitigation, wherein he states that DEA had not responded to his October 31, 2012 challenge and that "[t]his serves as a second notice to request remission and mitigation of the forfeiture . . . ."[4]

*Id*. at 3-4.

While having the opportunity to review the content of the October 31, 2012 letter would have been helpful to the court, the evidence provided by the government demonstrates that the letter was a petition for remission or mitigation and a request for release of the property due to hardship. In Defendant's December 2, 2012, letter, he states, "I am writing about the October 31, 2012 challenge I mailed to you. You have failed to respond, or acknowledge my challenge, see: 41 U.S.C. § 1985(3). This serves as a second notice, pursuant to 21 U.S.C. § 881, 18 U.S.C. § 983 and Title 19, U.S.C. §§ 1602-1619. This serves as a second notice to request remission and mitigation of the forfeiture, cited supra." Govt.'s Ex. 13. Defendant himself acknowledged that his October 31, 2012 letter was a petition for remission or mitigation. As Defendant's second notice was to remind the government that it had not responded to his first notice, Defendant was informing the government of what he had previously filed, and it is reasonable to infer that the content in the second notice was the same, or essentially the same, as that in the first notice and, therefore, was not a claim. Since the October 31, 2012 letter was correctly considered a petition for remission or mitigation and a request for release of the property due to hardship, Defendant did not file a timely valid claim, and the court continues its analysis of the petition for remission or mitigation.[5]

---

[4] It is the court's understanding that Hale intended to cite the date as December 2, 2012 (rather than November 2, 2012). After stating "November 2, 2012," Hale cites to Exhibit 13 in Vicki Rashid's declaration, which is Defendant's letter written on December 2, 2012.

[5] Footnote 2 explains why the request for release of the property due to hardship is denied. Additionally, the court notes that Defendant filed a document titled "Affidavit of Jose Vega-Betancourt in Support of Asset Claim 12-DEA-571865" on December 14, 2012. Govt.'s Ex. 14. The government, however, rejected this as untimely.

**Memorandum Opinion and Order - Page 6**

B.     **Petition for Remission or Mitigation**

The court's review of Defendant's petition for remission or mitigation is limited. The question of this court's authority to review the Attorney General's decision regarding the petition is controlled by the long-standing, judge-made rule that the Attorney General has unreviewable discretion over petitions under 19 U.S.C. § 1618. *United States v. One 1970 Buick Riviera Bearing Serial No. 494870H910774*, 463 F.2d 1168, 1170 (5th Cir. 1972). As the court stated:

> Judicial control of the Attorney General's remission and mitigation function has been exercised only when administrative officials have refused to entertain a mitigation claim on the erroneous belief that they had no statutory authority to do so, and the extent of judicial control has been merely to require the officials to exercise jurisdiction over this claim, not to review the official decision of the merits.

*Id*. Since Defendant does not claim that the Attorney General failed to exercise his discretion, the court is not be able to inquire further into the Attorney General's (or the DEA's) decision to deny Defendant's petition. *See id*. A petitioner seeking remission or mitigation of a forfeiture does not contest the legitimacy of the forfeiture. *United States v. Morgan*, 84 F.3d 765, 767 n.3 (1996). A petition for remission or mitigation is "a means of ameliorating the harshness of forfeiture when mitigating circumstances exist." *Id*.

As explained above, Defendant's October 31, 2012 letter (which was received by the DEA on November 5, 2012) was identified as a petition for remission or mitigation. App. 4. Defendant again requested remission or mitigation on December 7, 2012. App. 5; Govt.'s Ex. 13. On February 4, 2013, the DEA administratively forfeited the Camaro. App. 6. On February 7, 2013, the DEA (delegated by the Attorney General) rejected Defendant's petition for remission or mitigation because it was defective and granted the Defendant thirty days to correct the deficiencies and file a valid petition. App. 6. On March 18, 2013, the DEA received a properly executed Petition for

Remission or Mitigation of Forfeiture from Defendant. *Id*. On June 17, 2013, the DEA denied the Petition for Remission or Mitigation of Forfeiture. *Id*. at 7; Govt.'s Ex. 25. On August 16, 2013, the DEA re-sent the denial of the petition after obtaining Defendant's new jail address, and Defendant was granted ten days to request reconsideration. *Id*. The court is not aware of any request for reconsideration by Defendant. Therefore, the DEA's denial of Defendant's petition for remission or mitigation was proper, and the court will not review the denial on its merits.

## IV. Conclusion

For the reasons stated herein, the court determines that the government conducted the administrative forfeiture properly and that the DEA's denial of Defendant's petition for remission or mitigation was proper. Accordingly, the court **denies** Defendant's Motion for Return of Seized Property (Doc. 128) and **grants** the Government's Motion to Dismiss (Doc. 130).

**It is so ordered** this 19th day of December, 2013.

                                               Sam A. Lindsay
                                               United States District Judge